[File No. 6171.]

JACOB OSTER, Appellant, v. THEODORE MUHLHAUSER, Respondent.

(249 N. W. 777.)

Opinion filed July 29, 1933.

*Floyd B. Sperry,* for appellant.
*W. K. Wilson,* for respondent.

BIRDZELL, J. This controversy involves the boundary line between Lots 6 and 7 in Block 2, Homesite Plat, in Mercer county. This plat lies to the east of the original town of Beulah and of Chaffee's addition. According to the certificate of the engineer, the western boundary of the Homesite plat is the north and south quarter section line of section 25, township 144, range 88, and the place of beginning is the center stone of section 25. Chaffee's addition to the west of Homesite addition shows a strip of land 15.47 feet wide, lying between the quarter section line and the eastern lot line in Chaffee's addition, and this strip is likewise shown on the plat of Homesite, although it is not within the plat. The engineer who certified to the plat of Homesite, described as indicated above, in his testimony in the instant suit, shows that by starting from the east lot line of Chaffee's addition and from points other than the section center, a different boundary line is established between lots 6 and 7 in block 2, of Homesite addition, than that which is shown on the recorded plat. According to such different boundary line, the defendant's improvements encroach upon the plaintiff's lot, but according to the boundary established by the recorded plat, measuring from the quarter section line and the monuments marked, the improvements do not encroach unless it be that the caves extend over. (See illustration.)

 673

There is no testimony which would warrant a finding that the monuments on the quarter section line have been moved. Consequently, we cannot regard as persuasive the testimony relating to other measurements according to which the defendant is encroaching upon the plaintiff's property. It is elementary that in determining boundaries "Points marked by the original stakes and monuments placed by the government surveyors, if they can be found, or the place where they can be identified, govern . . . . 4 Thompson, Real Prop. § 3138." See Bichler v. Ternes, ante, 295, 248 N. W. 185, 188.

The judgment appealed from is affirmed, but without prejudice to the right of the plaintiff to establish in this action, in accordance with the boundary fixed by the judgment, the extent of the encroachment of the eaves of the defendant's building or buildings and to compel the removal of the same.

NUESSLE, Ch. J., and BURKE, CHRISTIANSON and BURR, JJ., concur.